IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Eastern Division

KENTIN WAITS, )
 )
          plaintiff, )   No.   01 C 4010
 )
v. )   JUDGE HIBBLER
 )
CITY OF CHICAGO, MICHAEL PRUSANK, )
and DANIEL DURST, )
 )
          defendants. )

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff Kentin Waits, by his attorney Jonathan Loevy; defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel of the City of Chicago; and defendants Michael Prusank and Daniel Durst, by their attorney James G. Sotos, herein stipulate and agree to the following:

1. This action has been brought by plaintiff Kentin Waits against defendants City of Chicago, Michael Prusank, and Daniel Durst. The action went to trial, and on July 3, 2003 the court entered a judgment against all three of the defendants for compensatory damages in the amount of $15,000.00, against defendant Prusank for punitive damages in the amount of $25,000.00 and against defendant Durst for punitive damages in the amount of $20,000.00. Plaintiff has filed a claim for costs and attorney's fees pursuant to 42 U.S.C. § 1988 which remains pending in the District Court. Defendants Prusank and Durst appealed the judgments against them, and that appeal is pending before the United States Court of Appeals for the Seventh Circuit as Appeal No. 03-3080. The City acknowledges that it is obligated by contract to provide

107

counsel for defendants Prusank and Durst at City expense for the prosecution of that appeal. The judgment for compensatory damages in the amount of $15,000.00 has been paid by the City, and plaintiff Kentin Waits acknowledges receipt of that amount.

2. The parties and their respective attorneys acknowledge that settlement of this claim is made to avoid the uncertainty of the outcome of the appeal of the punitive damages judgments and of litigation concerning the issue of the amount of an award of fees and costs, to avoid the expense in time and money of further litigation, and in the interest of judicial economy. It is agreed that settlement does not constitute an admission by any party regarding the existence or non-existence of liability.

4. In consideration of the City's agreement to pay the settlement amount set forth in this Release and Settlement Agreement, and upon advice of counsel, plaintiff Kentin Waits agrees to dismiss with prejudice his claim for costs and attorney's fees now pending in this action in the District Court, and to release his judgments for punitive damages against defendants Prusank and Durst.

5. In consideration of plaintiff's acknowledgment of the satisfaction and compromise of the judgments against defendants Prusank and Durst, those defendants agree to dismiss their pending appeals of those judgments.

6. Plaintiff Kentin Waits accepts a settlement from defendant City of Chicago, in the total amount of Three Hundred Thirty Five Thousand and no/100 DOLLARS ($335,000.00), in full settlement of all claims for attorney's fees arising from this action and in satisfaction of his judgments for punitive damages against defendants Prusank and Durst.

7. The City of Chicago agrees to pay plaintiff the total settlement amount

2

(which includes costs and attorneys' fees) within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and plaintiff and his attorneys agree that they will not seek payment from any source other than the City of Chicago. The settlement checks will be made payable to plaintiff, his attorneys, and lien claimants, if any, of which the City has notice.

8. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited to, the individual defendants, from any claims, losses, damages or expenses, including attorneys fees and costs, incurred, or which may be incurred, by reason of any lien held by any person, entity or corporation against any moneys received or to be received by plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

9. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against the defendants Prusank and Durst and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has, or may have in the future, under state or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge is applicable to any and all unnamed and/or unserved defendants.

3

10. This Release and Settlement Agreement and any documents that may be executed under paragraph 13 herein contain the entire agreement between the plaintiff and the City of Chicago and between the plaintiff and defendants Prusank and Durst with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

11. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

12. In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorneys, who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorney, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his) attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

13. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are

4

consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

          MARA S. GEORGES
          Corporation Counsel

_____
Plaintiff KENTIN WAITS

Address: _____

_____    By: _____
                                                    SHARON BALDWIN, Senior Counsel
Date of Birth: _____          30 N LaSalle St, Suite 900
                                                    Chicago, IL 60602
SSN Optional) _____         (312) 744-6919

                                                    Date: _____

_____    _____
JON LOEVY, Attorney for plaintiff    JAMES SOTOS, Attorney for
312 N May St, Suite 100                defendants Durst and Prusank
Chicago, IL 60607                      Hervas, Sotos, Condon & Bersani PC
(312) 243-5900                         333 Pierce Rd, Suite 195
                                          Itasca, IL 60143
                                          (630) 773-4774

Date: _____                  Date: _11·25·03_

consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

*[signature]*
Plaintiff KENTIN WAITS

Address: 5556 N. Lakewood
Chicago, IL 60640
Date of Birth: 11/22/69
SSN Optional) 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

MARA S. GEORGES
Corporation Counsel

By: *[signature]*
SHARON BALDWIN, Senior Counsel
30 N LaSalle St, Suite 900
Chicago, IL 60602
(312) 744-6919

Date: Dec 11, 2003

*[signature]*
JON LOEVY, Attorney for plaintiff
312 N May St, Suite 100
Chicago, IL 60607
(312) 243-5900

Date: 11/24/03

JAMES SOTOS, Attorney for defendants Durst and Prusank
Hervas, Sotos, Condon & Bersani PC
333 Pierce Rd, Suite 195
Itasca, IL 60143
(630) 773-4774

Date: _____